57 CCPA

**Application of Lawrence A. KOCINA.**

**Patent Appeal No. 8199.**

United States Court of Customs and Patent Appeals.

Nov. 20, 1969.

J. H. Slough, Cleveland, Ohio, attorney of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents; Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, MATTHEWS, Judge, sitting by designation, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals which affirmed the rejection of all the claims in

appellant's application[1] as unpatentable over Fillery[2] in view of Taylor[3] and Stanley,[4] under 35 U.S.C. § 103.

## THE INVENTION

The invention is a device adapted to be readily attached or detached from the top portion of a ladder and designed primarily to stabilize the ladder against lateral tipping and space its upper end away from the surface toward which the ladder is inclined, thus providing a more upright, and hence, safer and more convenient work position. It is best described with reference to the application drawing, portions of which are reproduced below:

[A275]

Figures 2 and 3 show alternate views of the stabilizer as attached to the upper end of a ladder. Figure 4 is an enlarged fragmentary detail of the lower portion of the stabilizer showing how it is attached to the ladder.

As can be seen, the device comprises a pair of spaced, angularly bent support members 21, 22 having parallel portions 23, 24 and upwardly and outwardly diverging leg portions 25, 26, connected between the parallel portions by a pair of inverted, U-shaped channels 30, and between the divergent leg portions by a brace 37. Claim 12, the broadest of the appealed claims, reads:

> 12. A stabilizer for a straight ladder comprising a plurality of ladder rungs and parallel side rails, a pair of channel shaped mounting means, each said mounting means adapted to embrace a medial portion of the length of one of a pair of spaced ladder rungs, spaced support means connected to the ends of said mounting means, said support means having portions parallel to said parallel side rails traversing and supporting rearward portions of said pair of rungs, said support means each having a leg portion of equal length extending upwardly and laterally of the ladder, the said legs being divergent and angled away from a plane defined by the mounting means and having free ends adapted to abut spaced portions of an upright work surface area disposed on either side and laterally outwardly of the side rails of the ladder upwardly and inwardly of the ladder portions of the stabilizer wherefor the upper end portions of the ladder are spaced outwardly of the work surface and the upper portion of the ladder is supported solely laterally by the

1. Serial No. 436,762, filed Mar. 3, 1965, entitled "Standoff Ladder Stabilizers."

2. British Patent Spec. 629,851, accepted Sept. 29, 1949.

3. U. S. Patent 1,393,922, issued Oct. 18, 1921.

4. U. S. Patent 2,720,354, issued Oct. 11, 1955.

angled and divergent free ends of the leg portions.

The other claims each depend from claim 12. Claim 13 further defines the channel shaped mounting means as embracing a substantial portion of each engaged ladder rung. Claim 14 specifies that the ends of the support legs are disposed laterally away from the ladder side rails thus providing for a wider work surface. Claim 15 adds the brace to the structure recited in claim 12.

## THE REFERENCES

Pertinent portions of the reference drawings, illustrating the individual devices, are shown below:

FILLERY

STANLEY

TAYLOR

[A276]

Fillery's device comprises two substantially parallel support members which branch out into angularly diverging arms B and have four hooks A mounted thereon for engagement with the rungs of a ladder. The support members are connected by a cross tie (not shown) at a point slightly below the uppermost pair of mounting hooks and by a bearing rail C between the ends of the divergent arms B. $D_1$ and $D_2$ are rubber sleeves which protect the work surface against marring.

Taylor's ladder support comprises what he calls a "stirrup-like strut" 7 having extendable legs for spacing the ladder away from a surface and being pivotally mounted on a single ladder rung by means of a channel-shaped member 10.

Stanley discloses a spacer unit comprising a pair of outwardly diverging support legs 9, 10 having bifurcated attachments 13 for pivotal mounting on a ladder rung and secured together by bars 11 and 12 at points inward from their free ends.

## THE REJECTION

The examiner took the position that Fillery showed the general combination

of a stabilizer having mounting means attached to the rungs of a ladder and outwardly and upwardly divergent leg portions for spacing the ladder away from the wall. He then considered that it would be obvious in view of Taylor to make each pair of hooks in Fillery integral, thereby creating "channel shaped mounting means", since "[a] pair of hooks . . . located in the same plane are considered to be the full mechanical equivalent to a single elongated channel member." It was further maintained that it would also be obvious, in view of Stanley, to substitute for the brace C of Fillery, another brace between midportions of the legs $B_1$ and $B_2$.

The board stated:

We have considered appellant's disclosure and arguments as presented in the brief but are not convinced as to error in the Examiner's position. It appears to us that the attaching means of Taylor and the wall engaging principle of Stanley present features which can be carried into the Fillery device without introducing any new or unexpected relationship or involving any function or advantage not fully recognized in the respective references.

## OPINION

Appellant argues that none of the references shows or suggests a device having the enhanced stability, safety and convenience of the claimed device.

The solicitor counters by pointing out that the hooks shown in Fillery art, in fact, "channel shaped mounting means" which could obviously be made integral to engage a central portion of the ladder rung as suggested by Taylor. He further states:

[I]t is believed clear that Stanley shows that the idea of locating a brace away from the distal ends of the legs 9, 10 of a ladder spacer attachment so as to get point instead of line contact with a wall is old in the art. With the disclosure of Stanley before him, it is submitted that one skilled in the art who encountered difficulties in us-

ing the Fillery device on rough or odd shaped surfaces would be motivated to move the brace C inwardly and thereby free the ends of the legs for two point contact as taught by Stanley.

We are constrained to agree with the solicitor. Although we believe that appellant's ladder stabilizer is an improvement over the device shown in Fillery, we are convinced that such improvement would be within the reach of one of ordinary skill in the art as evidenced by the reference disclosures. The manner of mounting the device on the ladder rungs appears clearly to be a matter of individual design preference. To add a certain degree of lateral stability while also providing for a more open work space for more convenient painting by relocating the position of a bracing means would be only slightly less arbitrary. Nothing in the record or arguments of appellant has convinced us to the contrary. The decision of the board of appeals is affirmed.

Affirmed.